EVAN LEWIS d. b., *vs.* JAMES F. WHITE AND H. C. WHITE, trading as WHITE BROTHERS OF WILMINGTON, DELA-WARE, p. b.

*Justice of the Peace—Jurisdiction—Residence of Defendant or Plaintiff—Foreign Attachment—Jurisdiction must Affirmatively Appear—Statute.*

The jurisdiction of the Justice must affirmatively appear.   Although the case be one of foreign attachment, the jurisdiction of the Justice, in New Castle County, is confined to the Hundred in which the defendant resides or to the adjoining Hundred, or to the Hundred in which the plaintiff has been a *bona fide* resident for sixty days before suit.

(*March 6, 1903.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Liburne Chandler* for plaintiff in error.

*Charles B. Evans* for defendant in error.

Superior Court, New Castle County, February Term, 1903.

CERTIORARI (No. 12, February Term, 1903). FOREIGN ATTACHMENT CASE.

This was an action brought in White Clay Creek Hundred, before a Justice of the Peace, in and for New Castle County.   The record of the Justice set forth the parties as " James F. White and H. C. White, trading as White Brothers, of Wilmington, Dela-ware, *vs.* Evan Lewis, of Pennsylvania."

The exceptions relied on were as follows :

" 2.   That it does not appear that the defendant, Evan Lewis, was a resident of the Hundred in New Castle County and State of Delaware adjoining the Hundred of the Justice of the Peace before whom said cause was heard."

" 3. That it does not appear that the plaintiffs, James F. White and Henry C. White or either of them were *bona fide* residents of the Hundred in New Castle County aforesaid, in which the Justice of the Peace before whom said cause was heard resided."

Counsel for defendant below contended that the statute (*Rev. Code 723-4*) giving jurisdiction to actions where the plaintiff resided in the Hundred or adjoining Hundred does not apply to non-residents, but only to residents of the State ; that the jurisdiction of the Justice in foreign attachment cases extends throughout the county.

*Mr. Evans :*—He must show affirmatively his jurisdiction.

LORE, C. J.:—The jurisdiction of the Justice in New Castle County must affirmatively appear. The record, on the contrary, shows that he had no jurisdiction ; such jurisdiction being confined, by Act of June 8, 1881 (*Code, 723-4*), to the Hundred in which the defendant resides or to the adjoining Hundred, or the Hundred in which the plaintiff has been a *bona fide* resident for sixty days before suit.

Judgment below reversed.