Charge.

HENRY WELLS and RICHARD WELLS, defendants below, plaintiffs in error, *vs.* JAMES D. WRIGHT, plaintiff below, defendant in error.

1. JUSTICES OF THE PEACE—JURISDICTION.
The jurisdiction of a justice's court must affirmatively appear in the record.

2. SALES—"WARRANTY".
A "warranty" in a contract of sale is an undertaking collateral to the object of the sale.

3. JUSTICES OF THE PEACE—JURISDICTION—ACTION ON WARRANTY.
Under *Rev. Code* 1852, as amended to 1893, *p.* 740, *c.* 99, § 1, which provides that justices of the peace shall have jurisdiction of all causes of action arising from obligation, promise, or contract for the payment of money or delivery of goods, a justice of the peace has no jurisdiction of an action for breach of warranty arising out of a contract for the sale of a horse.

(*July* 6, 1911.)

PENNEWILL, C. J., and RICE, J., sitting.

*John B. Hutton* for plaintiff in error.

*Franklin Brockson* for defendant in error.

Superior Court, Kent County, July Term, 1911.

CERTIORARI (No. 1, April Term, 1911) to Henry L. Anthony, a justice of the peace for Kent County.

The facts and contentions of the parties appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

This was an argument on a *certiorari* taken to the justice's record. The record of the justice of the peace, as filed in this court, sets forth the cause of action as follows: Action for breach of warranty arising out of a contract on the sale of a horse. Sum demanded forty dollars.

The exceptions filed by the plaintiffs in error are as follows: *First.* "It does not appear by the record that the justice of the peace had jurisdiction of the cause of action." *Second.* "It appears by the record that the cause of action is for breach of warranty arising out of a contract on a sale of a horse, which is not a cause of action within the jurisdiction of a justice of the peace."

[1] The question raised in the first exception has been decided in principle in this state in the case of *Lewis v. White Bros.*, 4

*Penn.* 288, 55 *Atl.* 830. In that case Chief Justice Lore in deliver-
ing the opinion of the court said: "The jurisdiction of the court
must affirmatively appear."

As to the second exception filed the counsel for the plain-
tiffs in error claims that the cause of action, as stated in the record
filed, does not fall within the section of the statute giving juris-
diction to the justices of the peace; the section referred to being
in part as follows: The justices of the peace shall severally have
jurisdiction, within their respective counties, of all causes of action
arising from obligation, or express or implied promise, or contract,
for the payment of money, render of rent, or delivery of produce,
chattels, goods, wares or merchandise, etc.

Counsel for the defendant in error contends that the warranty
is part of the contract of sale for the delivery of the horse, and
necessarily comes within that part of the section having reference
to contracts for the delivery of chattels.

[2] The court have been unable to find a reported case in
this state, in which a warranty is defined, but the text-book writers
and the decisions of other states uniformly define a warranty to
be a collateral undertaking to the object of the sale.

[3] Therefore as a warranty is a collateral undertaking, and
as the collateral undertaking in this case, for the breach of which
the action was brought before the justice of the peace, does not
affirmatively appear from the record filed, to come within the
provisions of the statute giving jurisdiction to the justices, we
are of the opinion that the judgment below should be reversed,
and the court order that it be and is reversed and that the plaintiffs
in error have execution for their costs.